THEODORE PAINE *versus* RUFUS DWINEL *& al.*

An acceptance payable to order is *prima facie* evidence of payment of the account for which it is given.

This may be rebutted.

As where the vendor of chattels ignorantly takes negotiable paper, not binding on all the vendees, for the price.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding. The facts sufficiently appear in the opinion.

*Rowe*, for the plaintiff.

*J. A. Peters*, for the defendant Dwinel.

APPLETON, C. J.—On Oct. 24, 1862, the defendants in the present suit entered into an agreement "to do business for the term of one year from the date hereof, at Port Norfolk, under the name of E. S. Howe, and to be jointly interested in the profit and loss."

One clause in said agreement was in these words:—"It is distinctly understood and agreed that neither party shall

sign, indorse or give any paper binding the other, without the mutual consent of the other in writing. The said Dwinel agrees to furnish lumber from time to time for the benefit of the company, and said Howe is to guaranty all sales. Said Howe is to collect and sell for cash or prompt pay, and to purchase from no source without his consent, *save from Theodore Paine, of Bangor, such shingles as he may need for retail trade.*"

The defendant Howe, under the agreement between him and his partner, purchased the shingles sued for in one of the counts in the plaintiff's writ, and gave the acceptances of E. S. Howe for the same. This action is for the shingles and the acceptances given by him therefor.

It is urged that the plaintiff cannot recover on the acceptances, because they were unauthorized by the agreement between the parties. It is, however, unnecessary to determine whether this be so or not.

By the express terms of the agreement, Howe was authorized to purchase shingles of the plaintiff on joint account. The case finds the purchase was made within the terms of this agreement. Dwinel was therefore bound thereby and is liable for the amount.

An acceptance or note, payable to order, is *prima facie* evidence of payment of the account for which it is given. But this may be rebutted. Upon the sale of the shingles sued for, both of the defendants were liable to the plaintiff for their price. If the acceptances are to be deemed as payment therefor and not binding on Dwinel, as his counsel contend, then the plaintiff will have inadvertently lost, in part, the security which he had when the shingles were sold. Of this he was ignorant when he received the acceptances in suit.

When negotiable paper is taken in ignorance of the facts, or under a misapprehension of the rights of the parties, as when the negotiable paper is not binding on all the parties previously liable, the presumption of payment is rebutted. *French* v. *Price*, 24 Pick., 13; *Fowler* v. *Ludwig*, 34

Maine, 455. It may be otherwise where a creditor, with full knowledge of all the facts, takes the security of a part of his debtors. In *Milledge* v. *Boston Iron Co.*, 5 Cush., 158, it was held, when a party gave his promissory negotiable note for a simple contract debt, that the legal presumption was that such note was accepted in discharge of the pre-existing debt, but this might be disproved by showing that it was not the obligation of all the parties originally liable, and that the party receiving the same was ignorant of such fact. To the same effect is the case of *Butts* v. *Dean*, 2 Met., 76. The general doctrine is, that the taking of a note is to be regarded as payment only when the security of the creditor is not thereby impaired. In all cases, the presumption of payment is liable to be rebutted. *Page* v. *Hubbard*, Sprague, 335. These positions are fully affirmed by this Court, in *Kidder* v. *Knox*, 48 Maine, 551.

It is unnecessary to consider the general liability of Dwinel under his contract of co-partnership, or whether Howe, in his purchases of the plaintiff, was specially limited to cash. The shingles were bought in accordance with the express terms of the agreement entered into by these defendants, and the plaintiff is entitled to recover their price.

*Defendants defaulted.*

CUTTING, DAVIS, KENT and WALTON, JJ., concurred.